John Di Turi et al., Respondents, v. Albert J. Felty, Jr., et al., Appellants.

*Per Curiam.* The infant plaintiff, a helper on a truck, was loading the truck with antiques that were being brought out of a warehouse owned by defendant Lincoln Warehouse Corporation. The truck was parked in the street alongside the curb, in front of a ramp leading to a loading platform inside the warehouse. The ramp was cut through the sidewalk and extended about fifty feet from the curb to the loading platform.

Defendant Felty had backed his station wagon up the ramp and against the loading platform, on a level portion of the ramp. The level area continued for a distance of five feet beyond the length of the station wagon, and then the ramp inclined toward the sidewalk. While the infant plaintiff was loading the truck, with his back toward the warehouse, the unoccupied station wagon rolled down the ramp and struck him.

Felty testified that after he had backed his car against the platform he had shut off the motor and set the emergency brake, and that the car had not moved during the loading operation. The station wagon was loaded with a number of cartons containing possessions that Felty had previously stored in the warehouse. Warehouse employees brought the articles to the platform and Felty placed them in the station wagon. When the car was completely loaded he and the warehouse employees closed the rear door. Felty then went to the office to get a receipt, leaving the station wagon unattended. It was during this interval that the car rolled down the ramp. No witness was produced who saw the station wagon commence to move. The infant plaintiff testified that "out of the corner of his eye" he noticed it rolling at him and jumped.

Felty testified that he was the only one who entered the station wagon during the loading process. We believe that there was sufficient evidence from which the jury could have reasonably inferred that a negligent act or omission of defendant Felty had caused the accident.

It is undisputed that the station wagon had been standing motionless for a considerable period of time on the level space in front of the platform. It was the duty of Felty, not the warehouse employees, to see to it that the motor

was turned off and the brakes applied properly and securely. If these measures were taken the warehouse employees could not have reasonably anticipated that the vehicle would move. The record is devoid of any evidence of negligence on the part of Lincoln Warehouse Corporation, and as against that defendant complaint should have been dismissed.

The judgment appealed from modified so as to strike out recovery as against defendant Lincoln Warehouse Corporation and dismiss the complaint as to it, and as so modified, the judgment should be affirmed as against the defendant Felty. Settle order.

Peck, P. J., Botein, Rabin, Cox and Frank, JJ., concur.

Judgment unanimously modified so as to strike out recovery as against the defendant Lincoln Warehouse Corporation and dismiss the complaint as to it and, as so modified, the judgment is affirmed as against the defendant Felty. Settle order on notice.